```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION

PLAZA    VIEW    V    CONDOMINIUM
ASSOCIATION,

                  Plaintiff,

vs.                                  Case No.   2:07-cv-486-FtM-29DNF

ALLSTATE INSURANCE COMPANY,

                  Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Remand (Doc. #13) filed on August 24, 2007. Dependant filed a Response (Doc. #14) on September 4, 2007. Also before the Court is plaintiff's Reply and Motion to Strike (Doc. #15) filed on September 7, 2007.[1] Defendant did not file a response to the Motion to Strike, and the time to do so has expired.

**I.**

The Complaint alleges that Plaza View V Condominium Association (plaintiff) maintained an insurance policy with Allstate Insurance Company (defendant). (Doc. #2, p. 2.) On March 7, 2006 plaintiff's property suffered water damage as a result of an accidental and/or fortuitous water leak. (Id. at ¶5.) The property damage was covered by the insurance policy, however,

---

[1] The Court notes that plaintiff did not seek leave of Court to file a Reply as required under Local Rule 3.01(c) and did not file a separate motion. The Court will consider the document to the extent it constitutes a Motion to Strike.

defendant failed to tender any insurance proceeds. (Id. at ¶17.) On July 5, 2007, plaintiff filed a one count complaint in state court for breach of contract. On August 3, 2007, defendant removed the case on the basis of diversity jurisdiction. (Doc. #1, p. 1.)

**II.**

Federal courts are courts of limited jurisdiction, and the court is required to inquire into its jurisdiction at the earliest possible point in the proceeding. Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). Removal jurisdiction exists only where the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., 200 F.3d 753, 755 (11th Cir. 2000). A district court has subject matter jurisdiction over diversity cases pursuant to 28 U.S.C. § 1332.

Section 1332(a) requires that the parties be citizens of different states and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Diversity jurisdiction requires complete diversity, i.e., that all plaintiffs must be diverse from all defendants. Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1337 (11th Cir. 2002), cert. denied, 537 U.S. 950 (2002); University of S. Alabama v. American Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999). A

corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005)(citing 28 U.S.C. § 1332(c)(1)). There is no dispute in this case that the parties are of diverse citizenship. There is, however, a dispute concerning the sufficiency of the amount in controversy.

When the defendant removes a case from state court, and plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "[R]emoval from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Id. When the jurisdictional amount is not facially apparent, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). Moreover, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet defendant's burden." Id. at 1319-20; see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994)(concluding

that removing defendant did not meet burden of proving amount in controversy where it offered "nothing more than conclusory allegations").

### III.

Plaintiff argues that defendant did not meet its burden in showing that the amount in controversy exceeds $75,000 when defendant removed the matter from state court. (Doc. #13, p. 2.) Specifically, the Complaint contains no specific damages amount and the record is devoid of any evidence regarding the amount in controversy. (Id. at p. 6.)

Defendant responds asserting that the amount in controversy was established prior to the filing of the Complaint in state court. Specifically defendants cite the Sworn Statement in Proof of Loss (Sworn Statement) submitted by plaintiff which indicates that the insurance claim is for more than a million dollars. (Doc. #14-2, p. 2.) That claim includes $667,400 in estimated plumbing repairs. (Doc. #14, p. 2.)

Plaintiff filed a Motion to Strike in which it asserts that all documents submitted by defendant in support of their Response to the Motion to Remand should be stricken and not considered by the Court because they were filed after the Notice of Removal and without a request from the Court. (Doc. #15, p. 5.) Plaintiff argues that the jurisdictional amount is determined at the time of

removal and thus the supporting documents submitted by defendant were untimely filed. (Id. at p. 5-6.)

In its discretion, the Court will deny plaintiff's request to strike the documents submitted by defendant in support of their Response to the Motion to Remand. The documents are relevant to the Court's determination of the amount in controversy at the time of removal. Furthermore, the Sworn statement and homeowner association member Marelyn Bushman's deposition were completed prior to the case's removal to federal court. (Docs. ## 14-2; 14-3.)

The documents in question establish that the amount of controversy was over the $75,000 jurisdictional threshold at the time of removal. The Sworn Statement indicates that plaintiff was seeking to recover over one million dollars in damages from defendant. (Doc. # 14-2, p. 2.) Moreover, Bushman testified that plaintiff has already paid out over $130,000 to repair drywalls damaged by the water leak. (Doc. #14-3, p. 12.) Thus plaintiff's Motion to Remand is denied.

Also before the Court is plaintiff's Motion to Strike evidence of settlement discussions and agreements. Plaintiff asserts that all references to prior settlement agreements between plaintiff and defendants should be stricken from defendant's Response. (Doc. #15, p. 2.) Specifically, plaintiff argues that footnote one of defendant's Response violates Federal Rule of Evidence 408.

Furthermore, the footnote is not supported by any evidence in the record. (Doc. #15, p. 2-3.)

Defendant has not responded to the Motion to Strike. Upon review of the record, the Court agrees that footnote 1 of defendant's Response to the Motion to Remand should be stricken. There is no evidence in the record before the Court to substantiate the assertions made in the footnote

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion to Remand (Doc. #13) is **DENIED**.

2. Plaintiff's Motion to Strike (Doc. #15) is **GRANTED** as to footnote 1 of defendant's Reply and is otherwise **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of November, 2007.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record